**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

| | | |
|---|---|---|
| UTILITY AIR REGULATORY GROUP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-1342 |
| | ) | (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

**UNOPPOSED MOTION
TO GOVERN FURTHER PROCEEDINGS**

In accordance with the Court's Order of June 13, 2014 (ECF No. 1497590),

Respondents United States Environmental Protection Agency, et al., (collectively

"EPA") submit this motion to govern further proceedings.  EPA requests that the

Court continue to hold the case in abeyance for an additional 60 days.  During that

period, the parties will consult on how to proceed with the case in light of the

ongoing proceedings in *EME Homer City Generation, L.P. v. EPA*, No. 11-1302.

EPA requests that the Court provide that further motions to govern be due no later

than 60 days after issuance of the Court's Order continuing to hold the case in

abeyance.  The undersigned counsel has contacted counsel for the other parties to

seek their consent for this motion, and all parties have represented that they do not oppose this motion.

These consolidated petitions seek review of an EPA action entitled "Regional Haze: Revisions to Provisions Governing Alternatives to Source-Specific Best Available Retrofit Technology (BART) Determinations, Limited SIP Disapprovals, and Federal Implementation Plans," 77 Fed. Reg. 33,642 (June 7, 2012). On August 30, 2012, Petitioners State of Texas, Texas Commission on Environmental Quality, and the Utility Air Regulatory Group moved to hold this case in abeyance pending resolution of any petitions for rehearing in *EME Homer City Generation, L.P.*, No. 11-1302 (D.C. Cir.), which the Court had decided on August 21, 2012, 696 F.3d 7 (D.C. Cir. 2012). As explained in that motion, the validity of EPA's Cross-State Air Pollution Rule ("Transport Rule"), the regulation under review in *EME Homer City*, is highly relevant to the Court's review of the rule at issue in this case, and thus it is appropriate to hold this case in abeyance pending resolution of that case. The Court granted the motion to hold the case in abeyance by Order dated October 9, 2012. Four petitions for rehearing en banc and one petition for panel rehearing were filed. The Court denied those petitions on January 24, 2013, and the Court's mandate in *EME Homer City* issued on February 4, 2013.

EPA subsequently filed an unopposed motion requesting that this case continue to be held in abeyance until the later of the deadline for filing any petition for writ of *certiorari* in the Supreme Court in *EME Homer City*; or the date of disposition by the Supreme Court of any petition for *certiorari* filed in *EME Homer City*.  The Court granted that motion in its Order of May 13, 2013 and required that motions to govern further proceedings be filed by the parties within 30 days of the disposition by the Supreme Court of EPA's petition for writ of *certiorari*.

The Supreme Court granted *certiorari*, *Environmental Protection Agency v. EME Homer City Generation, L.P.*, No. 12-1182 (and consolidated case), and issued its decision in the case on April 29, 2014, reversing this Court's decision and remanding for further proceedings.  In accordance with the Court's May 13, 2013 Order, EPA filed an unopposed motion to continue to hold this case for an additional 60 days.  The Court granted that motion in its Order of June 13, 2014.

This Court's decision in *EME Homer City* did not address all of the issues that had been briefed by the parties, and the parties in that case have filed motions to govern further proceedings, which are currently pending before the Court.  Thus, the rationale for holding this case in abeyance remains in place.  One of the primary issues in this case is the reliance of the rule under review on the Transport Rule at issue in *EME Homer*.  It therefore makes little sense for the Court to

resolve this case before *EME Homer* is completely decided.  However, it may be

reasonable to set a briefing schedule in this case once the pending motions in EME

Homer have been resolved.  Accordingly, EPA requests that this case continue to

be held in abeyance for 60 days.

<div style="margin-left: 40%;">

Respectfully submitted,

SAM HIRSCH
Acting Assistant Attorney General

</div>

DATED:  August 13, 2014          /s/ Norman L. Rave, Jr.
                                 NORMAN L. RAVE, JR.
                                 Environmental Defense Section
                                 Environment and Natural Resources Div.
                                 United States Department of Justice
                                 P.O. Box 7611
                                 Washington, D.C.  20044
                                 Norman.Rave@usdoj.gov
                                 (202) 616-7568

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing document were today served,

this 13th day of August, 2014, through the Court's CM/ECF system on all

registered counsel.

/s/ Norman L. Rave, Jr.
NORMAN L. RAVE, JR.
Counsel for Respondent EPA